JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
(510) 839-5200

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHADA CORBETT; SHAMARR OWENS; SHAMILA O., a minor, by and through her Guardian Ad Litem , LYNETTA GALLON,<br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>CITY OF EMERYVILLE,  a municipal corporation; KEN JAMES, in his capacity as Chief of Police for the CITY OF EMERYVILLE; FRED DAUER, individually, and in his capacity as a police officer for the CITY OF EMERYVILLE; ED MAYORGA, individually, and in his capacity as a police officer for the CITY OF EMERYVILLE; and, Emeryville police officers DOES 1-25, inclusive,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　　／ | Case No.  C-05-01397 EMC<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS.**<br>**JURY TRIAL DEMANDED** |

JURISDICTION

1.　　This action arises under Title 42 of the United States Code, Section 1983.  Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343.  The unlawful acts and practices alleged herein occurred in the City of Emeryville, County of Alameda, California, which is within this judicial district.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 1

PARTIES

2.	Plaintiff herein, SHADA CORBETT, is the sister of SHAMILA O. and SHAMARR OWENS, is and was at all times herein mentioned readily recognizable as an African-America and was a citizen of the United States residing in Alameda County in California.

3.	Plaintiff herein, SHAMILA O., is a minor represented herein by her mother and Guardian Ad Litem, LYNETTA GALLON, and is the sister of SHADA CORBETT and SHAMARR OWENS, and is and was at all times herein mentioned readily recognizable as an African-America and was a citizen of the United States residing in Alameda County in California.

5.	Plaintiff herein, SHAMARR OWENS is the brother of SHADA CORBETT and SHAMILA O., and is and was at all times herein mentioned readily recognizable as an African-America and was a citizen of the United States residing in Alameda County in California.

6.	Defendant City of Emeryville ("CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. The City operates under its authority the Emeryville Police Department.

7.	At all times mentioned herein, Defendant KEN JAMES ("JAMES") was the Chief of Police for the CITY OF EMERYVILLE. He is being sued in his official capacity as Chief of Police for the CITY OF EMERYVILLE.

8.	At all times mentioned herein, Defendant Officer FRED DAUER ("DAUER") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as a police officer for the City.

9.	At all times mentioned herein, Defendant Officer ED MAYORGA ("MAYORGA") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as a police officer for the City.

10.	Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein. Plaintiffs will amend their complaint to state the names and capacities of DOES 1-25, inclusive, when they have been ascertained.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 2

11.     In engaging in the conduct described herein, Defendant police officers acted under the color of law and in the course and scope of their employment with the City.  In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by Defendant CITY.

## STATEMENT OF FACTS

12.     On January 8, 2004, Defendant Officer DAUER stopped his patrol car near thirteen year-old plaintiff SHAMILA O., as she walked on a sidewalk near the intersection of 45th Street and San Pablo Avenue in Emeryville, California.  Plaintiffs allege defendant officer DAUER stopped to question minor plaintiff  SHAMILA O. regarding an earlier argument which occurred between a friend of minor plaintiff SHAMILA O. and another young woman.

13.     Minor Plaintiff SHAMARR O., who was sixteen years old at the time of this incident, was talking to some friends nearby when he saw Defendant Officer DAUER in his patrol car stop his sister, Minor Plaintiff SHAMILA O.  Minor Plaintiff SHAMARR O. walked next to his sister as the patrol car pulled up to her.

14.     Defendant Officer DAUER exited his patrol car, put on a pair of gloves, and ordered everyone to leave the scene except minor plaintiff SHAMILA O.  Immediately, and without further warning, Defendant Officer DAUER grabbed Minor Plaintiff SHAMILA O. He gave no further orders during this sudden action, and provided no explanation for his actions.

15.     Defendant Officer MAYORGA arrived at the scene moments later and exited his patrol vehicle. Defendant Officer MAYORGA said nothing to any Plaintiff. Without any warning, he removed pepper spray from his utility belt and sprayed minor plaintiff SHAMARR O., who was not interfering with any officer, directly at his face. Surprised, minor plaintiff SHAMARR O. turned his head and the noxious spray stung his neck.

16.     Without any reasonable cause, Defendant Officer DAUER violently twisted SHAMILA O.'s arm behind her and forced her down on the ground with his weight pressed against her.

17. Plaintiff SHADA CORBETT, who is developmentally-disabled, was also nearby. She watched in shock as defendant officers' attacked her brother and sister, SHAMARR OWENS and SHAMILA O. Plaintiff SHADA CORBETT asked defendant officers why they had been singled out after she saw Defendant Officer DAUER slam SHAMILA O. to the ground. Plaintiff SHADA CORBETT verbally objected to the officers' use of force and told them that their actions were unnecessary. Defendant Officer MAYORGA then unjustly pepper-sprayed Plaintiff SHADA CORBETT, even though Plaintiff SHADA CORBETT did not interfere with any police officer.

18. Defendant Officer MAYORGA then slammed Plaintiff SHAMARR OWENS against a car and roughly placed his arm against minor plaintiff OWENS' neck and handcuffed him. SHAMARR OWENS had not been resisting or interfering with the officers.

19. Defendant Officers then tackled Plaintiff SHADA CORBETT and caused her to fall on her back. Defendant Officer MAYORGA struck Plaintiff CORBETT several times on her legs before he handcuffed her.

20. An ambulance arrived at the scene and cleaned the pepper spray from plaintiffs. Plaintiff CORBETT asked Defendant Officer MAYORGA why he struck her, and he responded that it was to let her know that she was going to be handcuffed.

21. Plaintiffs were transported to the Emeryville police station, where they were held for several hours. Minor plaintiffs were cited out from the police station, while Plaintiff SHADA CORBETT was bailed out of jail. SHAMARR OWENS was arrested on two counts of violating Penal Code section 148 and one count of violation of Penal Code section 243. SHAMILA O. was arrested on one count of violating Penal Code section 148. Plaintiff SHADA CORBETT was arrested on one count of violation of Penal Code section 148 and one count of violation of Penal Code section 243. Charges against plaintiffs SHAMARR OWENS and SHAMILA O. were not filed, while charges against Plaintiff CORBETT were dismissed after numerous court appearances.

22. The assault and battery of plaintiffs described herein was committed without any just provocation or cause, proximately causing plaintiffs' injuries and resulting damages.

DAMAGES

23. As a proximate result of Defendants' conduct, Plaintiffs suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of their sense of security, dignity, and pride as United States citizens.

24. Plaintiffs suffered assault and battery, and were arrested without any just provocation or probable cause, by Defendant officers DAUER, MAYORGA and DOES 1-10.  Plaintiffs suffered physical and emotional injuries and damages as a proximate result of this incident. All plaintiffs suffered exposure to pepper spray, and plaintiff SHAMARR OWENS suffered a sprained knee.  Plaintiff CORBETT suffered soft tissue injuries, bruising and contusions to her back, forearms and legs.

25. The conduct of Defendant Officers DAUER, MAYORGA and DOES 1-10 was malicious, wanton, and oppressive.  Plaintiffs are therefore entitled to an award of punitive damages against said defendant police officers.

26. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law.  Plaintiffs are therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of their civil rights.

FIRST CAUSE OF ACTION
(42 U.S.C. Section 1983)
(Against Defendant Officers DAUER, MAYORGA and DOES 1-10)

27. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 26 of this Complaint.

28. In doing the acts complained of herein, Defendants DAUER, MAYORGA, and DOES 1 through 10, inclusive, and/or each of them, acted under color of law to deprive Plaintiffs of certain constitutionally protected rights, including, but not limited to:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

e. The right to be free from interference with their zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

SECOND CAUSE OF ACTION
(42 U.S.C. section 1983)
(Against Defendants CITY, KEN JAMES, and DOES 11-25)

29. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 28 of this Complaint.

30. Plaintiffs are informed and believe and thereon allege that high ranking City of Emeryville officials, including high ranking police supervisors, such as Defendant KEN JAMES, DOES 11 through 25, and/or each of them, knew and/or reasonably should have known about the repeated acts of misconduct by Defendant Officers DAUER, MAYORGA and DOES 1-10, and/or each of them.

31. Despite having such notice, Plaintiffs are informed and believe and thereon allege that Defendants JAMES, DOES 11-25, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by these officers.

32. Plaintiffs are further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants DAUER, MAYORGA, and DOES 1-10, and/or each of them, Defendant JAMES, DOES 11-25, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of the Plaintiffs' rights as alleged herein.

33. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking City of Oakland officials, including high ranking City of Emeryville Police Department supervisors, Defendants JAMES, DOES 11-25, and each of them resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to, the following:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

   c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

   d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

   e. The right to be free from interference with their zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

34. These rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

THIRD CAUSE OF ACTION
(42 U.S.C. section 1983)
(Against Defendant CITY OF EMERYVILLE)

35. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 34 of this Complaint.

36. As against Defendant CITY, Defendant JAMES and/or DOES 11-25 in his/their capacity as official policy-maker(s) for the CITY OF EMERYVILLE, Plaintiffs further allege that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the CITY OF EMERYVILLE Police Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

37. Plaintiffs are further informed and believe and thereon allege that the acts and omissions alleged herein are the direct and proximate result of the deliberate indifference of Defendants CITY, JAMES, DOES 11-25, and each of them, to repeated acts of police misconduct which were tacitly authorized, encouraged or condoned by the Defendant CITY, Defendant JAMES, DOES 11-25, and each of them.

38. The injuries and damages to Plaintiffs as alleged herein were the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendant CITY, Defendant JAMES, DOES 11-25, and each of them.

39. Plaintiffs are further informed and believe and thereon allege that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies

of deliberate indifference in the training, supervision and/or discipline of members of the Defendant EMERYVILLE Police Department.

40. Plaintiffs are further informed and believe and upon such information and belief allege that Plaintiffs' damages and injuries were caused by customs, policies, patterns or practices of Defendant CITY, Defendant JAMES, DOES 11-25, and each of them, of deliberate indifference in the training, supervision and/or discipline of Defendants DAUER, MAYORGA, DOES 1-10, and/or each of them.

41. The aforementioned customs, policies or practices of Defendant CITY, Defendant JAMES, DOES 11-25, and each of them, resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to, the following:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

    b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

    c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

    d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

    e. The right to be free from interference with his zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

42. These rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

JURY DEMAND

43.   Plaintiffs hereby demand a jury trial in this action.

PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1.   For general damages in a sum of $1,000,000.00;

2.   For special damages in a sum according to proof;

3.   For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

4.   For cost of suit herein incurred; and

5.   For such other and further relief as the Court deems just and proper.

Dated:  February 9, 2005                          **The Law Offices of John L. Burris**

\_\_\_\_/S/_____
John L. Burris
Attorney for Plaintiffs